The opinion of the court was delivered by
Fenner, J.
Although the plaintiff makes some effort to invest ■this action with the characteristics of the action of jactitation under his petition, converted into the petitory action by the pleading of defendant, it is in substance nothing more nor less than an action ■of boundary regulated by Title Y, Book II, of the Civil Code. The parties are owners of contiguous estates; neither questions the title of the other; the only difference between them is as to the proper boundary line between the two, and that is the only question to be ■settled in this suit. This eliminates all questions of title, of registry, and of prescription, except the single prescription of thirty years, which, though pleaded by plaintiff, has not a shadow of foundation. 'The question is to be decided according to the actual titles which neither party is permitted to dispute. R. C. C. 825, 852, 841, 848, 845; Andrews vs. Knox, 10 An. 604.
Plaintiff alleges that a certain hedge was fixed as the boundary line between the two places by special covenant between antecedent ■owners, the authors of the respective titles of himself and defendant, which has ever since been recognized as the boundary. Defendant ■specially denies this averment, and makes the counter allegation *325 that the line claimed by him had been long established and recognized by antecedent authors of the respective titles.
Plaintiff adduces no serious evidence in support of the ^special covenant fixing the hedge as the boundary.
The evidence in support of defendant’s counter averment is very much stronger.
The judge appointed a sworn surveyor to fix the limits, under Art. 833, et seq., of the Code, whose report fixed the line claimed by defendant. t
His report, though opposed by plaintiff, was homologated by the-judge, who rendered judgment accordingly.
The parties derived from a common author, who owned the whole-property.
Defendant’s title is the more ancient, being derived from a sale,, by the common author, of 550 acres from the eastern end of theNeville tract, the western boundary (the line in dispute) to begin at a beach tree on a line marked T. & R., and an antecedent -plat, and to-be thereafter run by a competent surveyor.
Plaintiff’s separate title begins by a subsequent sale from the same common author, which convéyed 550 acres more or less, and declared its boundary on this side to be by the Macaulay tract, which is that now owned by defendant.
. Under the foregoing statement, if it stood alone, there could be no-difficulty, under the Code, in fixing the line. The defendant having the elder title and receiving a fixed quantity of land, Arts. 847 and 849 would conclusively require that his title should prevail and that a line should be so. run from the beech tree fixed as the terminal point in such direction as to give him 550 acres of land.
The only complication is that, at the time of the sale by the common author to Mccaulay, the former owned a tract of land of twenty acres which, under the general description contained in the title, would have been included in the 550 acres sold. This tract was separated from the rest by a public road.. A few months after the sale to Macaulay the common author made a sale of these twenty acres to a third person, who and his successors have ever since held and possessed the same without dispute.
This did not diminish the common author’s obligation to give Macaulay the full extent of the 550 acres conveyed to him, and as the sale of the twenty acres took place long before the subsequent sale to- *326 plaintiff’s author, and as he was under this obligation at the time of said sale, we think the sale of so many acres, more or less bounded by the Maculay traet, meant the boundary to which Macaulay was entitled under the above facts and under the titles as they stood at that date, which showed sales of 550 acres to Macaulay, and of twenty acres to a third person.
There is strong evidence in the record to show that this was the understanding of the adjacent proprietors both before and after the sale to plaintiff’s first separate author, who was himself an heir of the common author and familiar with all the circumstances. The testimony of such respectable and intelligent witnesses as Mr. Robt. T. Young, Mr. McHugh, Mr. Chance, Dr. Mills and others who were directly connected with the transactions from the beginning, strongly confirms this view and establishes the line claimed by defendant, allowed by the surveyor and approved by the judge.
The line claimed by plaintiff would cut off from defendant not only the twenty acres, but more than eighty additional acres, while the line claimed by defendant gives him only 550 48-100 acres, and the fact that several titles in defendant’s chain give him precisely that excessive fraction, is confirmatory proof that the line must have been so fixed as claimed.
On the whole, we think the judgment conforms to both the law and justice of the case.
Judgment affirmed.